**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICKI L. WILSON,

Defendant-Appellant.

No. 07-6184
(D.C. No. 06-CR-283-1-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

The defendant, Vicki L. Wilson, was found guilty by a jury of aiding and

abetting the distribution of crack and powder cocaine. She appeals her conviction

arguing that the district court erred in allowing the jury to hear the expert

testimony of a Drug Enforcement Agency (DEA) Task Force Officer, who

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

testified about the common features of drug transactions, and there is insufficient evidence to support the conviction. We disagree and affirm the conviction.

**I**

On June 20, 2006, Keith Medley, an Oklahoma City Police Officer working undercover, arrived at an apartment to buy some powder cocaine. Officer Medley followed a woman named Traci Johnson to a bedroom and closed the door behind him. Shortly thereafter, Ms. Wilson came into the room and laid down on the bed. Ms. Johnson then produced two baggies of cocaine that were packaged inside a larger plastic bag, and she and Officer Medley weighed the package on a digital scale. When the weight came up less than expected, Ms. Wilson told them to make sure that both baggies were actually on the platform of the scale – not hanging off the sides. Ms. Wilson then suggested, twice, that they weigh the bags separately. For whatever reason, Ms. Johnson and Officer Medley did not take this advice, and agreed that the quantity was low. Officer Medley suggested that the shortfall should be made up by giving him some crack cocaine. Ms. Johnson produced some crack, weighed it, and gave it to Officer Medley, along with the powder cocaine. Officer Medley gave Ms. Johnson $5400 in cash, discussed the possibility of future drug purchases, and left the apartment. All of these events took place in the presence of Ms. Wilson.

Within a few minutes after he left the apartment, Ms. Johnson started telephoning Officer Medley. When they eventually spoke, Ms. Johnson asked

him to weigh the baggies separately because she was "worried about her suppliers." R., Vol. 3 at 77. Officer Medley separately weighed the powder cocaine at the police station and discovered that there was no shortfall. Therefore, he agreed to pay for the crack cocaine.

When Officer Medley returned to the apartment the next day to pay Ms. Johnson, he observed Ms. Wilson and another woman sitting on the floor, counting and bundling what appeared to be several thousand dollars in cash. Ms. Wilson then took the cash to the bedroom and closed the door behind her.

## II

Over Ms. Wilson's objection, the district court permitted Mark Danner, a DEA Task Force Officer, to testify about the common features of drug transactions to assist the jury in understanding the nature of the drug business. As an example, he testified that most drug operations are closed and secretive and that it would be unusual for a person who was not otherwise involved in the operation to be present during the transaction. Officer Danner also explained that drug enterprises are heavily cash based and that outsiders would not typically be allowed to count and handle money.

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). "Under that standard, we will not disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of

law or manifests a clear error in judgment." *United States v. Schuler*, 458 F.3d 1148, 1154 (10th Cir. 2006) (quotation marks omitted).

Ms. Wilson's first argument is that Officer Danner's testimony was "impermissible summary evidence," Aplt. Br. at 24, because his "testimony was not of incidents pertaining to [Ms. Wilson] and the case was not so extensive and complicated as to clarify issues for the jury." *Id.* Setting aside the conflation of two distinct legal principles into a single argument, i.e., summary evidence and whether expert testimony would assist the trier of fact, we reject the argument. First, Officer Danner's testimony was not summary evidence. *See generally* Fed. R. Evid. 1006; *United States v. Thompson*, 518 F.3d 832, 858-59 (10th Cir. 2008) (explaining summary evidence and when it is admissible). Second, we have allowed law enforcement agents to give expert testimony on the drug trade under Rule 702 of the Federal Rules of Evidence, because it is likely to assist the trier of fact to understand an otherwise unfamiliar enterprise. *See, e.g., United States v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (meaning of the drug code); *United States v. Muldrow*, 19 F.3d 1332, 1338 (10th Cir. 1994) (significance of the quantity of cocaine); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (equipment of the drug trade); *United States v. Harris*, 903 F.2d 770, 775-76 (10th Cir. 1990) (drug records).

Ms. Wilson's next argument is that Officer Danner's testimony should have been excluded under Rule 403 of the Federal Rules of Evidence, because it was

unfairly prejudicial, misleading, or confusing, although she never explains why. Unfair prejudice and prejudice are different concepts. In a sense, the point of introducing evidence at all is to prejudice the other party. That is why, "[a]s has been stated many times, Rule 403 does not protect a party from all prejudice, only unfair prejudice." *Curtis*, 344 F.3d at 1067 (quotation marks omitted). More particularly, "[e]vidence is not unfairly prejudicial simply because it is damaging to an opponent's case. Rather, the evidence must have an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. (quotation marks omitted). Not only has Ms. Wilson failed to establish that Officer Danner's testimony was unfairly prejudicial, our review of the record establishes that it was neither misleading nor confusing. Thus, the district court did not err in admitting it.

### III

As to the alleged lack of sufficient evidence, Ms. Wilson argues that because Ms. Johnson and Officer Medley ignored her advice about how best to weigh the powder cocaine, she could not have been found guilty of aiding and abetting. We disagree.

"Sufficiency of the evidence is a question of law that we review *de novo*." *United States v. Arras*, 373 F.3d 1071, 1073 (10th Cir. 2004). In conducting such review, "we examine, in the light most favorable to the government, all of the evidence together with the reasonable inferences to be drawn therefrom and ask

whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation marks omitted). "The essence of aiding and abetting liability is proof the defendant willfully associated with a criminal venture and sought through some affirmative action to make that venture succeed." *United States v. Torres*, 53 F.3d 1129, 1135 (10th Cir. 1995). As such, actual success is irrelevant. This much is known – Ms. Wilson entered the bedroom where Ms. Johnson was engaged in the sale of cocaine to Officer Medley, and offered her advice on how best to weigh the drugs. As such, the conviction is supported by substantial evidence.

The conviction is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge